UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Master File No. 00-1334-MD-MORENO
Tag-Along Case No. 08-20005-CIV-MORENO

IN RE: MANAGED CARE LITIGATION
_____,

DECATUR HEALTHCARE, LLC, *et al.*,

      Plaintiffs,

vs.

BLUE CROSS AND BLUE SHIELD
ASSOCIATION, *et al.*,

      Defendants.
_____/

**REPORT AND RECOMMENDATION ON DEFENDANTS' MOTIONS TO DISMISS THE COMPLAINT**

    This matter is before the Court on Defendant Blue Cross and Blue Shield Association's Motion to Dismiss the Complaint [D.E. 26] and Defendant Blue Cross and Blue Shield of Illinois's Motion to Dismiss Plaintiffs' Complaint [D.E. 28]. The Court has reviewed the motions, Plaintiffs' responses, the replies, related authorities submitted by the parties, and the record in the case. For the foregoing reasons the motions to dismiss should be granted.

### *I.   BACKGROUND*

    This is a tag-along case transferred by the MDL panel from the Central District of Illinois to this Court due to its common questions of law and fact with other cases

involved in the *In Re: Managed Care Litigation*. Plaintiffs are six Illinois area healthcare service providers. Four are ambulatory surgical treatment centers. The remaining two named plaintiffs are an anesthesia services provider and a urological surgery provider ("Provider Plaintiffs"). The Complaint also lists 1,019 additional unnamed individual plaintiffs ("Patient Plaintiffs"). The unnamed plaintiffs are allegedly all patients of six Provider Plaintiffs. *See* Complaint ¶ 7 [D.E. 2-3]. Defendant Blue Cross and Blue Shield Association ("BCBSA" or "Association") is a trademark corporation that licenses its trademark to various insurance companies across the nation. Co-Defendant Blue Cross and Blue Shield of Illinois, an Illinois Mutual Legal Reserve Company, is a Health Care Service Corporation ("BCBSI"). Other than the initial brief description of each defendant, the allegations in the Complaint do not distinguish between BCBSA and BCBSI as both parties are collectively referred to as "Blue Cross." *See id.* ¶ 10. Plaintiffs allege that the unnamed Patient Plaintiffs were all "insured under group health insurance policies provided by and/or administered by Defendant, Blue Cross." *See id.* ¶ 7. Plaintiffs further allege that all "policies constitute employee welfare plans as defined by the Employee Retirement Security Act of 1974, 29 U.S.C. §§ 1002 *et seq.* ("ERISA"). Provider Plaintiffs also contend to be valid assignors of all benefits due under the policies. *See id.* ¶ 21.

In the two-count Complaint, Plaintiffs assert claims for: (1) recovery of unpaid benefits and reasonable attorney fees pursuant to Section 502(a) of ERISA 29 U.S.C. § 1132(a) and (2) defamation pursuant to Illinois law.

BCBSA argues in its motion that claims against the Association should be dismissed because in Count I ERISA claim: (i) Plaintiffs do not allege that BCBSA exercised control over any ERISA plan, thus making BCBSA an improper defendant under the statute; (ii) Plaintiffs fail to plead the existence of any ERISA plan, an essential element of an ERISA claim.  In turn, because the Complaint fails to state a valid federal question cause of action, the Court should decline to exercise supplemental jurisdiction over the state defamation claim.  *See* BCBSA's Motion at 1-2 [D.E. 27].

BCBSI's motion, on the other hand, contends that the Complaint should be dismissed because Count I ERISA claim fails to: (i) sufficiently describe the Patient Plaintiffs, making it impossible for BCBSI to answer the complaint; (ii) sufficiently describe the employee welfare benefit plans involved; (iii) fails to sufficiently describe the services allegedly provided to the "unnamed plaintiffs;" (iv) fails to describe in more detail any of Defendant's alleged "underpayment;" and (v) fails to describe any of the assignments listed with particularity.  *See* BCBSI's Motion at 3-4 [D.E. 29].

Plaintiffs oppose the motions responding that: (i) all allegations in the Complaint comply with the "notice pleading" standard requirement pursuant to *Conley v. Gibson*, 355 U.S. 764 (1993); and (ii) the Health Insurance Portability and Accountability Act ("HIPPA") forbids disclosure of Patient Plaintiffs' personal information absent an issuance of a qualified protective order by the court.  *See* Plaintiffs' Response to BCBSI's Rule 12(b)(6) Motion at 3-4 [D.E. 33] & Plaintiffs' Response to BCBSA's Motion at 3-4 [D.E. 32].

Essentially, the fate of the pending motions turn on whether Plaintiffs have properly stated an ERISA claim.

## II.  ANALYSIS

The purpose of a motion brought pursuant to Fed. R. Civ. P. 12(b)(6) is to test the facial sufficiency of a complaint. The rule permits dismissal of a complaint that fails to state a claim upon which relief can be granted. It should be read alongside Fed. R. Civ. P. 8(a)(2), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Pursuant to *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007), to survive a 12(b)(6) motion to dismiss, a complaint must contain factual allegations that are "enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true." Although a complaint challenged by Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff is still obligated to provide the "grounds" for his entitlement to relief, and "a formulaic recitation of the elements of a cause of action will not do." *Berry v. Budget Rent A Car Systems, Inc.*, 497 F. Supp. 2d 1361, 1364 (S.D. Fla. 2007) (quoting *Twombley*, 127 S. Ct. at 1964-65). Taking the facts as true, a court may grant a motion to dismiss if no construction of the factual allegations will support the cause of action. *Berry*, 497 F. Supp. 2d at 1364 (citing *Marshall Cty. Bd. of Educ. v. Marshall Cty. Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993)). A well-pled complaint will survive a motion to dismiss "even if it strikes a savvy judge that actual proof of these facts is improbable, and 'that a recovery is very remote and unlikely.'" *Twombly*, 127 S. Ct. at 1965 (internal citation omitted).

### A.     ERISA Claim

Count I of the Complaint alleges breach of contract and seeks redress under ERISA, 29 U.S.C. § 1001 *et seq*. In order to state a valid claim under the ERISA statute, the complaint must allege such facts that will show the establishment, existence, or maintenance of a "plan, fund, or program" of the type covered by ERISA. *Tevini v. CHC Int'l, Inc.*, 946 F. Supp. 985, 987 (S.D. Fla. 1996). The Eleventh Circuit established the following criteria to determine if a plan has been established:

> [A] plan, fund or program under ERISA is established if from the surrounding circumstances a reasonable person can ascertain the intended benefits, a class of beneficiaries, the source of financing, and procedures for receiving benefits.

*Donovan v. Dillingham*, 688 F.2d 1367, 1373 (11th Cir. 1982) (en banc).

In addition to the identity of the ERISA plan, the allegations in a complaint must describe "the plan administrator or fiduciary of that plan, and the basis for liability of the defendant sued pursuant to ERISA." *Response Oncology, Inc. v. The Metrahealth Ins. Co.*, 978 F. Supp. 1052, 1065 (S.D. Fla. 1997).

#### 1. Existence of an ERISA Plan

Turning to the allegations listed in the Complaint, it is clear that Plaintiffs have failed to properly plead the existence of a single ERISA plan. Paragraph 14 of the Complaint simply states that all insurance plans subject to this litigation are "group health insurance policies [that] constitute employee welfare plans as defined by The Employee Retirement Security Act of 1974 . . . ." *See* Complaint ¶ 14. Such conclusive allegations are not sufficient to pass the pleading notice requirements under *Twombly*. *Twombly*, 127 S. Ct. at 1965) ("a formulaic recitation of the elements of a cause of

action will not do.").

Without describing an ERISA plan, Defendants can not reasonably ascertain what the intended benefits were or who where the proper beneficiaries under a given plan. Although the allegations in the Complaint do not need to describe a given plan in detail, such as to identify each plan's policy number, the allegations must be sufficient to raise the existence of an ERISA plan above speculative level. *See Twombly*, 127 S. Ct. at 1965. As such, failure to identify the controlling ERISA plans makes the Complaint unclear and ambiguous.

Furthermore, the failure to properly allege the existence of an ERISA plan also makes it impossible for Plaintiffs to sufficiently allege the basis of Defendants' liability under a given plan. Rather than identifying a certain plan term and the alleged violation, the Complaint simply states that Defendants were "obligated to make certain payments to Plaintiffs" and "[n]otwithstanding said obligations, [Defendants have] engaged in various acts, contrary to the plans, which resulted in intentional and arbitrary underpayments of benefits." *See* Complaint ¶ 24-25. Although the Complaint alleges such violations as: bundling, downcoding, failure to pay for medically necessary services, or failure to recognize CPT modifiers, these allegations are insufficient without reference to the controlling ERISA plan.

Plaintiffs' argument that a "complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief" is simply incorrect. *See* Plaintiff's Response BCBSA's Motion at 4 [D.E. 32] (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)) & Plaintiff's Response to BCBSI's Motion at 3 [D.E. 33] (same). The

holding in *Twombly* explicitly abrogates that contention. *Twombly*, 127 S. Ct. at 1968. The Supreme Court stated that Federal Rule of Civil Procedure 8(a)(2) requires a "showing" a plaintiff is entitled to relief, "rather than a blanket assertion" of entitlement to relief. *Id.* at 1965 n.3. Although such assertions may provide a defendant with the requisite "fair notice" of the nature of a plaintiff's claim, only factual allegations can clarify the "grounds" on which that claim rests. *Id.*

Therefore, the failure to plead the existence of an ERISA plan alone justifies dismissal of Count I.

### *2. Proper Defendant*

Claims for ERISA benefits pursuant to Section 502(a)(1)(B) can only be brought against an ERISA plan or plan administrator or a fiduciary of a plan. *Garren v. John Hancock Mut. Life Ins. Co.*, 114 F.3d 186, 187 (11th Cir. 1997); *Curcio v. John Hancock Mut. Life Ins. Co.*, 33 F.3d 226, 233 (3d Cir. 1994).

Defendant BCBSA maintains that it is an improper Defendant in this case because the Association possesses no control over the administration of any ERISA plan. BCBSA asserts that the Complaint is insufficient to state a claim against it. It notes that the Complaint does not identify BCBSA as an entity "controlling the administration" of the plan, and argues that it is, therefore, not a proper defendant. *See* BCBSA's Motion at 5 [D.E. 27].

Referring to both BCBSA and BCBSI collectively, the Complaint alleges that the group insurance policies at issue were provided by and/or administered by Blue Cross [Defendants]." *See* Complaint ¶ 13. The Courts finds these allegations sufficient. Alleging that a plan is "administered" by someone naturally implies that an individual

controls the administration. Black's Law Dictionary defines the verb "to administer" as "management or performance of the executive duties [of an organization]." Black's Law Dictionary 44 (7th ed. 1999).

The Court is mindful of BCBSA's contention that the Association is merely a trademark corporation that administers the licensing of the "Blue Cross" and "Blue Shield" registered trademarks. However, at this stage of the proceedings, the Court must take all allegations in a complaint as true "even if it strikes a savvy judge that actual proof of these facts is improbable." *Twombly*, 127 S. Ct. at 1965.

### 3. *Proper Plaintiff and Standing*

Under ERISA, only "participants" or "beneficiaries" have standing to assert a claim for benefits from an employee welfare benefit plan. 29 U.S.C. § 1132(a)(1)(B); *Hobbs v. Blue Cross Blue Shield of Ala.*, 276 F.3d 1236, 1241 (11th Cir. 2001) ("ERISA's civil enforcement section permits two categories of individuals to sue for benefits under an ERISA plan - plan beneficiaries and plan participants."). Healthcare providers are not considered participants or beneficiaries under ERISA. *Physicians Multispecialty Group v. Health Care Plan of Horton Homes, Inc.*, 371 F.3d 1291, 1294 (11th Cir. 2004).

ERISA possesses no language, however, preventing "derivative standing based upon an assignment of rights from ERISA participants or beneficiaries." *Id.* (internal quotation marks omitted). Therefore, "a healthcare provider may acquire derivative standing by obtaining a written assignment of the right to payment of medical benefits from beneficiary or participant, provided that the plan does not forbid assignment of benefits." *Id.*

Provider Plaintiffs allege that they possess valid assignments from all Patient Plaintiffs. *See* Complaint ¶ 21. For purposes of this motion we accept these allegations as true. It is not clear, however, whether it is the Provider Plaintiffs or Patient Plaintiffs who are the true plaintiffs in this case. On one hand, the Complaint alleges that Provider Plaintiffs have derivative standing to bring ERISA claims as assignors. But on the other hand, the Complaint also lists 1,019 assignee Patient Plaintiffs as additional plaintiffs. Clearly, pure logic dictates that either only the beneficiary or only the assignor of beneficiary's rights can recover on a given policy, but not both. An assignment of benefits under a plan includes the assignment of the right to sue for such benefits, for without the latter, the former would be unenforceable. *See Renfrew Ctr. v. Blue Cross & Blue Shield of Cent. N.Y., Inc.*, No. 94-1527, 1997 WL 204309, at *4 (N.D.N.Y. Apr. 10, 1997).

Finally, HIPAA privacy provisions regarding patient's "protected health information" only apply to health care providers, health care clearinghouses, and health plans. *See Silva v. Porter*, No. 8:04-CV-2542-T-17EAJ, 2006 WL 1890194, at *8 (M.D. Fla. July 10, 2006). Thus, if the patients themselves are plaintiffs in this case, HIPAA does not prevent them from disclosing their own health information. If, on the other hand, the six Providers Plaintiffs are the only plaintiffs asserting claims, the applicability of HIPAA comes into play. Plaintiff Providers, however, can easily satisfy pleading requirements under *Twombly* without jeopardizing the privacy of individual patients by sufficiently describing the services rendered along with the relevant ERISA plan. The name of each individual beneficiary is not necessary at the pleading stages, only description of the *class* of beneficiaries is required. *See Donovan*,

688 F.2d at 1373.

### B.     *Dismissal of the Remaining State Law Claims*

Federal courts are courts of limited jurisdiction. The presumption, in fact, is that a federal court lacks jurisdiction in a particular case until it has been demonstrated that jurisdiction over the subject matter exists. *United States v. Rojas*, 429 F.3d 1317, 1320 (11th Cir 2005). Nonetheless, the exercise of jurisdiction is proper over claims to which the Court's jurisdiction would ordinarily not extend if they form part of the same case or controversy as "any civil action of which the district courts have original jurisdiction." 18 U.S.C. § 1367(a). However, the Court may "decline to exercise supplemental jurisdiction over a claim under subsection [1367](a) if the district court has dismissed all claims over which it has original jurisdiction." 18 U.S.C. § 1367(c)(3).

Original jurisdiction is jurisdiction over claims "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "Whether a claim arises under federal law is governed by whether the plaintiff's well-pleaded complaint raises federal issues." *Belasco v. W.K.P. Wilson & Sons, Inc.*, 833 F.2d 277, 281 (11th Cir. 1987).

A valid Count I ERISA claim would empower this Court to exercise supplemental jurisdiction over the remaining state law claim. However, because we found that the federal ERISA claim should be dismissed, and given that claim's substantial deficiencies, we also conclude that this Court should abstain from exercising jurisdiction over the remaining state law claim, at least for now and subject to consideration of Plaintiff's Amended Complaint. We will not reach the issue of

whether Plaintiffs have sufficiently stated a defamation claim under Illinois law.

### III.   CONCLUSION & RECOMMENDATION

For the foregoing reasons, it is hereby recommended as follows:

1. Defendants' Motions to Dismiss Count I of the Complaint due to failure to properly assert ERISA claim pursuant to 29 U.S.C. § 1132(a) [D.E. 26 & 28] should be **GRANTED** and Count I should be **DISMISSED WITHOUT PREJUDICE**.

2. Plaintiffs' Count II should be **DISMISSED WITHOUT PREJUDICE**.

3. An Amended Complaint may be filed in twenty (20) days, subject to the following.

Pursuant to Local Magistrate Rule 4(b), the parties have ten (10) business days from the date of this Report and Recommendation to serve and file written objections, if any, with the Honorable Federico A. Moreno, United States District Judge.  Failure to timely file objections shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the report and bar the parties from attacking on appeal the factual findings contained herein.  *R.T.C. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *LoConte v. Dugger*, 847 F.2d 745 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404, 410 (5th Cir. Unit B 1982) (en banc); 28 U.S.C. § 636(b)(1).

**DONE AND ORDERED** in Chambers at Miami, Florida, this 26th day of February, 2009.

*/s/ Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge